IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA A. OATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:15-cv-686-TFM |
| ) | |
| COVINGTON COUNTY BOARD ) | |
| OF EDUCATION, et. al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, Patricia A. Oates, a teacher within the Covington County School System, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981, against her employer, the Covington County Board of Education ("the Board") alleging that she was discriminated against on the basis of her race (African-American) when she was denied promotions to administrative positions for which she applied. This court has jurisdiction of Oates' discrimination claims pursuant to the jurisdictional grant in 42 U.S.C. § 2000e-5.  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc. 19).

Now pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 12), Supporting Brief (Doc. 13) and Plaintiff's Response thereto (Doc. 18). Also pending before the Court is Defendants' Motion for Summary Judgment (Doc. 27), Supporting Brief (Doc. 28), Evidentiary Submission (Doc. 29); Plaintiff's Response to the Motion (Doc. 32) and Evidentiary Submission (Doc. 33) and Defendants' Reply Brief (Doc. 34). Also pending before the Court is Plaintiff's Motion to Reinstate Title VII claim and Motion to Amend the Complaint (Doc. 31), Defendants' Opposition to the Motion (Doc. 35) and Plaintiff's Reply (Doc. 36). The Court has carefully reviewed the motion to dismiss and briefs filed in support of and in opposition to the motion; the motion for summary judgment, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials; and the motion to reinstate the VII claim, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials. For good cause, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion to Amend Complaint and Motion to Reinstate Title VII claim (Doc. 31) be GRANTED that Defendants' Motion to Dismiss (Doc. 12) be DENIED with respect to the Title VII claim and DENIED with the respect to the 1981 claim and that Defendants Motion for Summary Judgment (Doc. 27) be GRANTED on the 1981 claim.

II.     FACTUAL AND PROCEDURAL HISTORY

In her EEOC Charge dated January 20, 2014, Plaintiff alleges that she was denied promotions within the Covington County School District because she is black. She

specifically alleges that in June of 2013 she was not selected for three different "administrative positions". Indeed, the Charge lists the earliest date of discrimination as June 1, 2013 and the latest date as June 30, 2013. Rather she alleges that Defendants hired three white teachers for these positions even though Plaintiff was "more qualified and had more seniority." (Doc. 1-1 EEOC Charge). Plaintiff, who has been employed by Defendants since 1994, began applying for administrative positions in 2005. (Doc. 1 p. 5; Doc. 16 pp. 4-5). Plaintiff was promoted to the position of reading coach in May 2013. (Doc. 1-1; EEOC Charge). The EEOC issued a Right to Sue letter on June 30, 2015. (Doc. 1-2). Plaintiff filed the instant action on September 19, 2015.

In her Complaint Plaintiff alleges claims for employment discrimination pursuant to Title VII and 42 U.S.C. § 1981. In response, Defendants filed a Motion to Dismiss arguing that Plaintiff's Title VII claim is barred by her failure to exhaust her administrative remedies and that Plaintiff's 1981 claim is barred by the statute of limitations. (Doc. 12). Thereafter, on November 6, 2015, Plaintiff filed a First Amended Complaint which stated a single claim for racial discrimination under 42 U.S.C. § 1981 (Doc. 16) and a response to the Motion to Dismiss wherein she stated that she "has abandoned her claim based on Title VII, as reflected in the First Amended Complaint filed on November 6, 2015." (Doc. 18 p.4). On January 16, 2016, Defendants filed their Answer to Plaintiff's first Amended Complaint (Doc. 26) and a Motion for Summary Judgment on the dispositive issue of the statute of limitations. On February 3, 2016, Plaintiff filed a Motion to Reinstate the Title VII claim and a Motion for leave to file an Amended Complaint. (Doc. 31).

Attached to the Motion to Reinstate the Title VII claim and Motion for leave to file an Amended Complaint is the entire EEOC investigative file (Doc. 31). This file contains a letter from Plaintiff to the EEOC dated November 11, 2013 and stamped received by the EEOC on November 18, 2013 wherein she states that she "would like to begin the process of filing a race discrimination claim." (Doc. 31-2; Ex. B). Thereafter, the EEOC sent to the Covington County Board of Education a Notice of Charge of Discrimination dated December 30, 2013. (Doc. 31-3).

As an initial matter, the Court recognizes that pursuant to Federal Rule of Civil Procedure 15 (a) (1) and (2), a party may amend the Complaint once "as a matter of course" and may file subsequent amendments with "the court's leave". Rule 15(a)(2) specifically directs that "[t]he court should freely give leave [to amend] when justice so requires." The Court recognizes that following Defendants' Motion to Dismiss, Plaintiff filed both an Amended Complaint which did not include a Title VII claim (Doc. 16) and a response to the Motion to Dismiss wherein she stated that she "has abandoned her claim based on Title VII, as reflected in the First Amended Complaint filed on November 6, 2015." (Doc. 18 p.4). However, the Court concludes justice requires that the Court allow the Second Amended and Corrected Complaint (Doc. 31-7) which reasserts the Title VII claim. Indeed, the documents attached to the Motion to Reinstate and Amend (Doc. 31), which were first received by Plaintiff's counsel on January 12, 2016 and filed with the Court on February 3, 2016, demonstrate that the Defendants' administrative exhaustion basis for its Motion to Dismiss the Title VII claim lacks merit.

## IV. MOTION TO DISMISS

Defendants seek dismissal of Plaintiff's Title VII claim on the basis of an alleged failure to exhaust her administrative remedies. Specifically, Defendants argue that on the basis of the documents attached to Plaintiff's Complaint (Doc. 1) it is clear that Plaintiff failed to file her EEOC charge within 180 days from the alleged discriminatory conduct. Defendant is correct; however, as discussed above, the documents attached to Plaintiff's Motion to Reinstate Plaintiff's Title VII claim and for Leave to File Amended Complaint (Doc. 31-1-8) clearly demonstrate the EEOC received a letter from Plaintiff on November 18, 2013 stating she "would like to begin the process in filing a race discrimination claim." and identified Covington County Schools as the alleged wrongdoer. (Doc. 31-7; Ex. B). Most importantly, it is undisputed that the EEOC treated this letter as a "Charge" and sent a "Notice of a Charge of Discrimination" to the Human Resources Manager of the Covington County Schools on December 30, 2013. (Doc. 31-3; Ex. C)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based upon the plaintiff's "failure to state a claim upon which relief can be granted." The law is well settled; "[a] Rule 12(b)(6) motion tests the legal sufficiency of the complaint. . . .[I]n order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Coggins v. Abbett,* 2008 WL 2476759 *4 citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955) (2007). Defendants argue that Plaintiff's Title VII claim is

due to be dismissed because she failed to file an EEOC charge within 180 days from the last date she was not promoted due to race.

The specific question before the Court is whether the November 18, 2013 letter from Plaintiff to the EEOC constitutes a "Charge". Under 42 U.S.C. § 2000e-5(b) a "Charge" "shall be in writing under oath or affirmation and shall contain information and be in such form as the Commission requires". It is undisputed that following receipt of Plaintiff's November 18, 2013 letter, (Doc. 31-3, Ex. B) the EEOC sent to Defendant a "Notice of Charge of Discrimination" which specified that Plaintiff alleged a "failure to promote (administrative positions)" beginning May 2013 at the earliest and ending December 2013 at the latest and notified Defendant that the EEOC's investigation process was beginning. (Doc. 31-3; Exh. C).

The Court concludes that the Plaintiff's November 18, 2016 letter constituted a "Charge" because it demonstrated Plaintiff's intent to begin the EEOC claim process and was treated by the EEOC as initiating the process. *See Bost v. Fed Express Corp.,* 372 F. 3d 1233, 1241 (11th Cir. 2004) (Plaintiff's "manifestation of intent to activate the administrative process" and EEOC's subsequent actions in response to Plaintiff's submission are evidence of what constitutes a "Charge"). In addition, the Court recognizes that such a conclusion comports with the language of the statute which even though requiring the Charge to be "in writing under oath or affirmation" also expressly recognizes that the EEOC's requirements of the content and form of the "Charge" control. Thus, the Court is unpersuaded by Defendants' arguments that the Plaintiff's failure to sign "under

oath" the November 18, 2016 letter mandates a conclusion that it is not a "Charge". Indeed, to read the statute this way would elevate form over substance and in this case eliminate the Plaintiff's intent and the EEOC's interpretation of and actions taken upon that intent. Accordingly, the Court concludes that Defendant's Motion to Dismiss Plaintiff's Title VII claim is due to be denied.

Next the Court will consider whether the Plaintiff's 1981 claim for race discrimination based on a failure to promote survives Defendant's Motion to Dismiss. Defendant argues that Plaintiff's 1981 claim is due to be dismissed because the statute of limitations applicable to this claim is 2 years under Alabama law and this claim should have been brought on or before June 30, 2015. Plaintiff argues that this claim survives the Motion to Dismiss because the statute of limitations applicable to this claim is 4 years under the "catch-all" statute enacted by Congress for actions arising under federal statutes enacted after December 1, 1990. *See* 28 U.S.C. § 1658.

In deciding whether the Alabama's two-year statute of limitations or § 1658's four-year statute applies to Plaintiff's failure to promote claims, the Court must determine whether "the promotion rose to the level of an 'opportunity new and distinct relation between the employee and the employer.'" *See Edwards v. National Vision, Inc.,* 946 F. Supp. 2d 1153, 1170 (N.D. Ala. 2013) citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 185, 109 S.Ct. 2363, 2377 (1989). The parties agree that this issue turns upon the question of whether the position of reading coach, which Plaintiff held at the time she was denied the promotions about which she complains, was "administrative" in nature. Indeed,

if Plaintiff's current position as reading coach is not an administrative position, her § 1981 claim is barred by the statute of limitations. As this question must be answered based on evidence and argument filed with the Defendants' Motion for Summary Judgment and Plaintiff's response thereto, the Court will deny Defendant's Motion to Dismiss on the 1981 claim and decide this issue in the context of Defendants' Motion for Summary Judgment.

## IV.  SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant, either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating that the nonmovant's evidence itself is insufficient to establish an essential element of his or her claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Jeffery v Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995); *Edwards v. Wallace Cmty Coll.,* 49 F.3d 1517, 1521 (11th Cir. 1995). The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element of his claims, and on which he bears the burden of proof at trial. *Id.* To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir. 1987). It is substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986); *See also DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499 (11th Cir. 1989).

When the court considers a motion for summary judgment, it must refrain from deciding any material factual issues. All the evidence and the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990). *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).

Defendants argue that the motion for summary judgment is due to be granted because the position of "reading coach" which Plaintiff held at the time she was denied the promotions about which she complains was not an "administrative position." (Doc. 29-1; Affidavit of Shannon Driver, Superintendent of Education for Covington County Alabama.) Plaintiff argues that the motion for summary judgment is due to be denied because there is a question of fact about whether the position of "reading coach" is an "administrative position." Specifically, Plaintiff points to the February 28, 2014 position

statement of counsel for the Covington County Board of Education, wherein he states that "the Board had hired Ms. Oates as Reading Coach just prior to other positions coming open.  This hire placed Ms. Oates in a position to act in a **quasi administrative** role for the upcoming school year."  (Doc. 33-7; Ex. G; Position Statement of Counsel).  (Emphasis Added.).  In response, Defendants argue the statements of counsel are not evidence and they have adduced substantial evidence, primarily through Driver's sworn affidavit, that the position of "reading coach" is not "administrative".

Shannon Driver, Superintendent of Education for Covington County testified by affidavit that the reading coach position is not an "administrative position."  (Doc. 29-1 p.1).  The "posted notice for the reading coach position . . . requires an Alabama elementary teacher certification for grades K through 6 with an endorsement in reading, not an administrative certification."  (Doc. 29-1 pp. 1-2, 4 Ex A, *Reading Coach at Straughn Elementary, Job Description*).   In this position Plaintiff "has no supervisory authority over anyone and makes no recommendations regarding employment actions."  (Doc. 29-1 p. 2).  She is paid as a "9 month teacher . . . [like] all regular/classroom teachers in the Covington County school system . . .  [she] does not receive either any supplement or administrative pay in her position as reading coach. (Doc. 29-1 p.2, 6-Ex. C, *Covington County Board of Education Salary Schedule 2015-16).*  Whereas, "[a]ll administrators in the Covington County school system are on either a 10 month or 12-month contract.  Additionally, . . . the reading coach position is not recognized by the State Department of Education as an administrative position.  (Doc. 29-1 pp. 2, 5- Ex. B

*State of Alabama, Coach Job Description*). Moreover, "if the position is an administrative position, the occupant of the position will receive an administrative supplement as shown on the employment data sheet for a Principal (Ex. E), assistant Principal (Ex. F) and Central Office Supervisor (Ex. G). (Doc. 29-1 pp. 2, 8, 9, 10). Finally, Driver stated "[i]n her position as a reading coach, Ms. Oates works collaboratively with other teachers in the school, but supervises no one. Ms. Oates is supervised by the principal or assistant principal just like any other teacher in the school in which she works." (Doc. 29-1 p. 2).

The Court disagrees with Defendant's arguments that counsel's statement in the February 28, 2014, EEOC position statement is not evidence. *See e.g., Chapman v. Al Transport*, 229 F. 3d 1012, 1023 (11th Cir. 2000) (District Court's exclusion from evidence at trial of "the false description of Chapman's transfer as a promotion in the position statement the defendants filed with the EEOC" was abuse of discretion, but error was harmless). However, even considering the unsupported statement of defense counsel to the EEOC that the position of reading coach was "quasi administrative", (*see* Doc. 33-7 p. 1, Ex. G), the Court concludes that Defendants have adduced "affirmative evidence negating an essential element of the nonmovant's claim." *See Celotex,* 477 U.S. at 322. Indeed, the factually supported affidavit of Shannon Driver, Superintendent of Education for Covington County, conclusively demonstrates that the position of "reading coach" to which Oates was hired was not "an administrative position". (Doc. 29-1 p. 2).

11

Indeed, Plaintiff offers no evidence to rebut the evidence presented in Driver's affidavit, other than again to point to the unverified statement in the EEOC position statement made by defense counsel. (Doc. 33-7 p. 1, Ex. G). Therefore, the Court concludes Defendant has presented affirmative evidence that the position of reading coach is "not administrative". *Compare, Nunez v. First Nat'l Bank of Fla.,* 996 F.2d 287, 289 (11th Cir. 1993) (Allegations sufficient to constitute "a changed relationship" with employer for § 1981 statute of limitation purposes, where Plaintiff "state[d] in the new position he would have been responsible for four other branches as well as his own and would have received significant increases in title and salary.")  Thus, the Court concludes that Alabama's two-year statute of limitations applies to Plaintiffs §1981 failure to promote claim and as such it is time barred. Accordingly, the Court concludes that Defendants' Motion for Summary Judgment is due to be granted on Plaintiffs §1981 claim.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Plaintiff's Motion to Amend Complaint and Motion to Reinstate Title VII claim (Doc. 31) be GRANTED that Defendants' Motion to Dismiss (Doc. 12) be DENIED with respect to the Title VII claim and DENIED with the respect to the 1981 claim and that Defendants Motion for Summary Judgment (Doc. 27) be GRANTED on the 1981 claim.

It is further

ORDERED that the Parties shall file any objections to this Recommendation on or before **Wednesday, September 7, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of August, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE